[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Dale King appeals the final decision of the defendant Commissioner of Environmental Protection (Commissioner) affirming the Commissioner's prior order to CT Page 4008 repair a claim on the plaintiff's land. The Commissioner issued the order pursuant to General Statutes 22a-402 and affirmed it after a hearing pursuant to 22a-408. The plaintiff appeals pursuant to General Statutes 4-183. The court finds the issues in favor of the defendant Commissioner.
The record and briefs establish certain undisputed facts. The plaintiff owns a parcel of land in East Haddam through which runs a stream known as Roaring Brook. In 1982, before the plaintiff owned the land, a storm breached a dam on the stream. During the period 1985 through 1988, the plaintiff consulted the Department of Environmental Protection (DEP) concerning its requirements for repairing the dam. The plaintiff then proceeded to make repairs to the dam. He did not apply for nor receive a permit from the DEP to make the repairs.
Subsequent to the plaintiff's repairing the dam, the DEP inspected it at the request of an official of the Town of East Haddam. That inspection, on March 13, 1990, revealed seepage. The DEP thereupon issued an order requiring the plaintiff to take steps to repair or remove the dam.
The plaintiff in his brief and at oral argument essentially concedes that the DEP has the power to require him to repair the dam. However, he claims that the specific requirements are unreasonable and that the DEP's timetable is now impossible.
The court has reviewed the entire record in this case and finds no basis for reversing the Commissioner's order under the standards set forth in General Statutes 4-183 (j). "If the administrative record provides substantial evidence upon which the [agency] could reasonably have based [its] finding . . ., the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). Furthermore, "[j]udicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. D.P.U.C., 219 Conn. 51, 57-58 (1991). The court finds no evidence that the DEP acted unlawfully in ordering the dam on the plaintiff's land to be repaired so to avoid damage to other property downstream.
At oral argument on this appeal, counsel for the defendant Commissioner agreed that the DEP will provide a new timetable for completion of the necessary repairs, after consultation with the plaintiff. Counsel further agreed that the Commissioner will not seek any civil penalties as a result CT Page 4009 of the plaintiff's noncompliance with the former timetable. Based on those representations, the court concludes that a remand of this case is not necessary.
The appeal is dismissed.
MALONEY, J.